**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DAMOND LOVE,

        Plaintiff/Counter-Defendant,

v.                                                    Case No. 11-10740
                                                                       Honorable Denise Page Hood

LIBERTY INSURANCE CORPORATION,

        Defendants/Counter-Plaintiff.

_____/

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**I.    INTRODUCTION**

This matter is before the Court on Defendant's Motion for Summary Judgment **[Docket No. 10, filed July 5, 2011].** Plaintiff filed a response on October 11, 2011 **[Docket No. 15]**. Defendant filed its reply on October 13, 2011 **[Docket No. 17]**.

**II.    BACKGROUND**

Plaintiff, Damond Love, purchased the property commonly known as 19308 Evergreen St., Detroit, Michigan (the "Property") by quitclaim deed for $35,000 [Def.'s Ex. B]. Plaintiff completed and signed the Application and Supplemental Application for insurance benefits with Liberty Mutual Insurance [Def.'s Ex. C & D]. The Application for insurance benefits, to which Plaintiff signed, provides "[i]f any questions appearing on this application, or asked as part of the application process have been answered falsely or fraudulently, this entire insurance is null and void and all claims thereunder shall be forfeited" [Def.'s Ex. D]. Plaintiff testified that he signed the Application and Supplemental Application for insurance [Def.'s Ex. C at 35]. Defendant issued Plaintiff homeowners insurance for the Property [Def.'s Ex. E].

1

On April 15, 2010, the Property was involved in a fire. Defendant made an initial payment to Plaintiff in the amount of $2,000 [Def.'s Ex. F]. Defendant made several payments amounting to $13,156.62 on Plaintif's behalf to third parties [Def.'s Ex. G]. Defendant also incurred investigative expenses in the amount of $1,150.19 [Def.'s Ex. H]. As part of its investigation, Plaintiff testified under oath that the previous owner, LaTonya Stevens, had paid the property taxes [Def.'s Ex. C at 41-42]. Taxes on the property are delinquent for the years of 2007, 2008, and 2009 [Def.'s Ex. I].

### III. LAW & ANALYSIS

#### A. Standard of Review

Federal Rule of Civil Procedure 56(a) provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Summary judgment is only appropriate when there is a genuine dispute as to material facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Although the Court must review the motion in the light most favorable to the nonmoving party, the moving party "must do more than simply show that there is some metaphysical doubt as to material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586; *Celetrex Corp v. Catrett*, 477 U.S. 317, 232-24 (1986). There is no genuine issue as to material fact if a party is unable to sufficiently demonstrate the existence of an essential element as to which it bears the burden of proof. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts

immaterial. *Celotex Corp*, 477 U.S. at 322-23. A court must look to the substantive law to identify which facts are material. *Anderson*, 477 U.S. at 248.

### B. Liberty Insurance Corporation is Entitled to Rescind the Policy

Defendant argues that it is entitled to rescind the policy as a matter of law because Plaintiff made a material misrepresentation when he reported that the Property's taxes were not delinquent. Defendant contends that it would not have insured Plaintiff if it had known that the taxes were delinquent. The Court agrees.

"It is the well-settled law of [Michigan] that where an insured makes a material misrepresentation in the application for insurance, … the insurer is entitled to rescind the policy and declare it void ab initio. Rescission is justified without regard to the intentional nature of the misrepresentation, as long as it is relied upon by the insurer." *Lake States Ins. Co. v. Wilson*, 586 N.W.2d 113, 115 (Mich.App. 1998). Rescission is appropriate even when the misrepresentation is innocent. *Lash v. Allstate Ins. Co.*, 532 N.W.2d 869, 872 (Mich. App. 1995). An insurer does not owe the insured a duty to investigate and verify representations or discover intentional misrepresentations. *Hammoud v. Metropolitan Property and Cas. Ins. Co.*, 563 N.W.2d 716, (Mich. App. 1997). A representation is "material" when the insurer would likely reject the risk or charge a higher premium due to the substantially increased chance of loss. *Oade v. Jackson Nat. Life Ins. Co. of Michigan*, 632 N.W.2d 126, 131(Mich. 2001) (quoting *Keys v. Pace*, 99 N.W.2d 547 (Mich. 1959)).

Here, it is apparent that Plaintiff made a material misrepresentation in his application for insurance benefits. Whether the misrepresentation was innocent or not, the property on which Plaintiff sought insurance was delinquent on taxes for three years [Def.'s Ex. I]. Plaintiff testified during his deposition that he did not investigate whether there were delinquent taxes before

reporting that property taxes were current [Def.'s Ex. C at 41-42]. Plaintiff also indicated on the policy application that property taxes were not delinquent [Def.'s Ex. D at 5]. Defendant would not have insured Plaintiff if aware of this information [Def.'s Ex. J]; *see* M.C.L. 500.2103(2) ("'Eligible person'[] for home insurance…does not include…a person whose real property taxes with respect to the dwelling insured or to be insured have been and are delinquent for two or more years at the time of renewal of, or application for, home insurance."). The Court finds that there was a material misrepresentation and that Defendant relied on that misrepresentation.

Plaintiff relies on *Farmers Ins. Exchange v. Anderson*, 520 N.W.2d 686 (Mich. App. 1994) for the proposition that Defendant could have easily ascertained the status of the property taxes before the policy was issued and, therefore, is not entitled to rescission. However, Plaintiff's reliance on *Farmers* is misplaced. First, *Farmers*[1] involved automobile insurance and insurers are precluded from rescinding a policy by statute when a third party is injured. *Id.* In addition, the misrepresentation made involved a third party. *Id.* These factors are not applicable here. No third party was harmed and the misrepresentation involved Plaintiff and not a third party. As previously stated, Defendant does not have a duty to make an independent investigation to uncover Plaintiff's misrepresentations before issuing an insurance policy. *See Hammoud*, 563 N.W.2d 716. Defendant was not required to look beyond Plaintiff's application to determine the validity of it.

Plaintiff contends that Defendant did not provide any foundation for admissibility for Exhibit I. As Exhibit I, Defendant provides a tax statement from the Wayne County Treasurer. However, Plaintiff provides no evidence to raise a genuine issue of material fact as to whether

---

[1] The *Farmers* court declined to apply the exception in that case because it was not apparent from the application that a misrepresentation was made. *Farmers*, 520 N.W.2d at 689 (finding that because the Applicant's son's name was "nowhere to be found on the application for insurance[,] the trial court properly concluded that it would have been virtually impossible for Farmers to know that it should obtain [the son's] driving record."); *see also Huda v. Integon National Ins. Co.*, 2009 WL 2448025 (6th Cir. 2009) (unpublished); *Manier v. MIC General Ins. Corp.*, 760 N.W.2d 293 (Mich. App. 2008).

the tax statement is what Defendant purports it to be. Defendant supports Exhibit I with a deposition of the Chief Deputy Treasurer of the Wayne County Treasurer's Office that testified that the document was what it purported to be [Def.'s Ex. M]. The Chief Deputy Treasurer testified that as of February 2011 taxes for 2007, 2008, and 2009 were delinquent. Plaintiff provides no documents, affidavits, or other materials to raise any issue of material fact as to whether Defendant is entitled to judgment as a matter of law. The Court is not convinced by Plaintiff's argument that Defendant provides no support for its factual allegations. It is apparent that Plaintiff made a material misrepresentation on which Defendant relied. Plaintiff has failed to raise a genuine issue as to any material fact. Defendant is entitled to judgment as a matter of law.

## IV.   CONCLUSION

Accordingly,

**IT IS ORDERED** that the Defendant's Motion for Summary Judgment [**Docket No. 10, filed July 5, 2011**] is **GRANTED**.

**IT IS FURTHER ORDERED** that the insurance policy is void *ab initio* as of the date of initiation and all claims made by Plaintiff are precluded.

                s/Denise Page Hood
                United States District Judge

Dated: October 31, 2011 October 31, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 31, 2011 October 31, 2011, by electronic and/or ordinary mail.

                s/LaShawn R. Saulsberry
                Case Manager